IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HERBERT C. PASCHEN, ) | |
| ) | Civ. No. 09-0502-E-BLW |
| Plaintiff, ) | |
| ) | MEMORANDUM DECISION |
| v. ) | AND ORDER |
| ) | |
| ESTATE OF GEORGE ) | |
| McDANIEL, et al., ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

Counsel for plaintiff Paschen – the Moulton Law Office – moves for "reconsideration" of a decision issued by the Idaho state court awarding Rule 11 sanctions against the Moulton Law Office. For the reasons expressed below, the Court will deny the motion.

## LITIGATION BACKGROUND

This action was originally filed in state court by counsel from the Moulton Law Office on behalf of their client Herbert Paschen. Among the claims was a claim that defendant Scenic West had committed fraud against Paschen. Scenic

**Memorandum Decision & Order – page 1**

West moved to dismiss and alleged that no fraud existed. Paschen agreed to the dismissal and the state court dismissed Scenic West.

Scenic West then moved for attorney fees and costs. A few weeks later, Scenic West amended its motion to include a claim for sanctions under Idaho Rule of Civil Procedure 11(a)(1). The state court judge – Judge Shindurling – held a hearing on Scenic West's motion on July 6, 2009. The Minute Entry for that hearing states that "[t]he Court discussed Rule 11 issues with the parties. After the discussion with the parties, the Court will take the matter under advisement and issue a ruling." *See Minute Entry dated July 6, 2009 attached to Complaint.*

Shortly thereafter, Judge Shindurling issued a decision finding that the Moulton Law Office failed to conduct a reasonable inquiry before filing this action, justifying sanctions under IRCP 11(a)(1). In addition, the decision found that the claims against Scenic West were based on a commercial transaction, triggering the fee award provisions of I.C. § 12-120(3). Accordingly, Judge Shindurling granted Scenic West's motion for fees, finding that it was entitled to $7,955, jointly and severally from Paschen under I.C. § 12-120(3) and the Moulton Law Office under IRCP 11(a)(1).

The suit was later removed to this Court. The Moulton Law Office has filed a motion to reconsider, asking this Court to set aside Judge Shindurling's award of

sanctions.

## STANDARD OF REVIEW

Upon removal, this Court must treat all prior state court rulings in the case as if they had been made by this Court. *Resolution Trust Corp. v. BVS Development, Inc.,* 42 F.3d 1206, 1212 (9th Cir. 1994). Thus, the Court will treat Judge Shindurling's decision as its own for purposes of resolving the motion to reconsider filed by the Moulton Law Office.

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re*

*Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

The Moulton Law Office asserts that, contrary to Judge Shindurling's findings, it did conduct a reasonable inquiry before filing this lawsuit. However, they introduce nothing new to support that claim, and Judge Shindurling's decision thus remains well-reasoned and persuasive.

The Moulton Law Office argues next that it was entitled to an evidentiary hearing before sanctions could be granted. But they cite no Idaho authority in

support, and the language of IRCP 11(a)(1) contains no such requirement. While the Moulton Law Office speculates that the federal equivalent – Federal Rule of Civil Procedure 11 – provides some support, in fact it does not, and neither does Ninth Circuit case law.

While FRCP 11 does not require an evidentiary hearing, it does require "notice and a reasonable opportunity to respond." *See FRCP 11(c)(1).* Although that language does not appear in IRCP 11(a)(1), the Court will assume, *arguendo*, that the Idaho Supreme Court would include such a requirement in the rule. The standard was satisfied here. Scenic West amended its motion to add a claim under IRCP 11(a)(1). Judge Shindurling's Minute Entry, quoted above, shows that the Rule 11 issue was discussed during oral argument. The material presented to Judge Shindurling shows that the Moulton Law Office was well aware that their pre-filing inquiry was at issue: They filed two affidavits describing the statements they relied upon in filing the lawsuit. Judge Shindurling summarized those two affidavits in his decision, and noted that at the hearing, counsel had argued that "these allegations [contained in the two affidavits] are sufficient to satisfy the requirement of a proper investigation upon reasonable inquiry." *See Memorandum Decision, attached to Complaint,* at p. 4.

These circumstances establish that the Moulton Law Office was given

sufficient notice and an opportunity to be heard before sanctions were issued. Accordingly, the Court will deny the motion to reconsider.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 4) is DENIED.

DATED: **January 7, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge